**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2530
_____

ANDREW MOYNIHAN,
KAREN MOYNIHAN
                              Appellants

v.

WEST CHESTER AREA SCHOOL DISTRICT;
PENNSYLVANIA OFFICE FOR DISPUTE RESOLUTION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 18-cv-04388)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 16, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: March 4, 2022)

_____

_____

OPINION[*]

_____

PER CURIAM

Andrew and Karen Moynihan, proceeding pro se, appeal from the District Court's order granting the West Chester Area School District's (the "School District") "Motion for Judgment on the Administrative Record," in an action brought under the Individuals with Disabilities Education Act ("IDEA"). For the following reasons, we will affirm.

Because the parties are familiar with the background of this case, we will revisit the facts only as they are relevant to our analysis. The Moynihans' believed that their son, C.M., a high school student with disabilities under the IDEA, should be placed in higher level classes than those recommended by the School District. To resolve this dispute, the parties entered into several agreements that provided, in relevant part, that the School District would place C.M. in courses that the Moynihans requested and that the Moynihans would not file legal claims against the School District based on an alleged lack of a free and appropriate education (FAPE).

Despite those agreements, the Moynihans filed due process complaints with the Pennsylvania Office for Dispute Resolution ("ODR"), claiming that the School District denied a FAPE to C.M. in his ninth, tenth, and eleventh grade school years. As relief, the Moynihans sought reimbursement for payment of school taxes and out of pocket expenses. The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

hearing officer concluded the Moynihans were not entitled to reimbursement, explaining, in relevant part, that the School District had provided C.M. with a FAPE.

Next, the Moynihans filed a complaint in the District Court against the School District and ODR. The District Court granted ODR's motion to dismiss for failure to state a claim and sua sponte dismissed the claims against the School District for lack of subject matter jurisdiction, holding that the Moynihans had requested only injunctive relief and that those requests were mooted by C.M.'s graduation. We affirmed the dismissal of ODR and the District Court's conclusion that the Moynihans' request for declaratory and injunctive relief was mooted by C.M.'s graduation. *See Moynihan v. West Chester Area Sch. Dist.*, 813 F. App'x 825, 826-27 & n.1 (3d Cir. 2020) (not precedential). But we vacated the District Court's order in part, concluding that the Moynihans' claims for reimbursement were not moot. *Id.* at 827.

On remand, the School District filed a "Motion for Judgment on the Administrative Record," arguing that the hearing officer properly denied relief because the School District had provided C.M. with a FAPE and because the Moynihans' claims were barred by the agreements that they signed. The District Court agreed and granted the School District's motion. *Moynihan v. West Chester Area Sch. Dist.*, 2021 WL 3022395 (E.D. Pa. July 16, 2021). The Moynihans appealed.

We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's legal conclusions but review its factual findings for clear error. *See Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007).

3

None of the arguments raised by the Moynihans establish that the District Court erred in granting judgment on the administrative record in favor of the School District. The Moynihans assert that "there is no evidence that the [District Court] ever viewed any of our pro se pleadings or filings liberally." Appellants' Br., 7. There is a "time-honored practice of construing pro se plaintiffs' pleadings liberally." *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). There is no indication here, however, that the District Court failed to adhere to these requirements. To the contrary, the District Court repeatedly stated that it was construing the Moynihans' filings liberally.[1] The Moynihans fail to identify which of their submissions were not liberally construed or to explain what those submissions should have been construed to suggest.[2]

The Moynihans also attempt to challenge the District Court's earlier decision dismissing their complaint for lack of subject matter jurisdiction. In particular, they claim that the District Court issued that decision without examining the full administrative record and failed to apply the Supreme Court's decision in *Endrew F. ex rel. Joseph F. v. Douglas*

---

[1] *Moynihan*, 2021 WL 3022395, at *1 ("[i]n construing Plaintiffs' filings liberally …"); *id.* at *1 n.2 ("[c]onstruing all of Plaintiffs' filings liberally"); *id.* at *2 ("[p]laintiffs filed a response in opposition to Defendant's motion, … which this Court liberally construed as their cross-motion for judgment on the administrative record"); *id.* at *3 ("[C]ourts must accord special care to pro se claimants, liberally construing their filings and holding them to less stringent standards than formal pleadings drafted by lawyers" (citation omitted)).

[2] The Moynihans stated that the School District "exploit[ed] [their] pro se status[] by delaying the open hearing [p]roceedings from commending until August of 2017." Appellants' Br., 3. We will not consider this conclusory assertion, which was raised for the first time on appeal. *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 799 (3d Cir. 2001) ("[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances.").

*County School District*, 137 S. Ct. 988 (2017). But because those arguments could have been raised in their prior appeal, they are precluded from consideration.[3] *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars ... an appellate court in a subsequent appeal from reopening such issues...." (internal quotation marks omitted)). That same theory applies to bar the Moynihans' challenge to the District Court's grant of ODR's motion to dismiss for failure to state a claim. *See* Appellants' Suppl. Reply Br., 3.

Finally, the Moynihans vaguely complain that the District Court refused to hear additional evidence and applied an incorrect standard of review. Appellants' Br., 1. Under the IDEA, a district court is required to "hear additional evidence at the request of a party" and to base its decision on a "preponderance of the evidence." 20 U.S.C. §1415(i)(2)(C)(ii)–(iii). There is no indication that the District Court ran afoul of these provisions. The Moynihans do not identify any portion of the record where they asked the District Court to hear additional evidence or where the District Court rejected a request to consider such evidence. *See D.K. v. Abington Sch. Dist.,* 696 F.3d 233, 253 (3d Cir. 2012) (stating that "all a court must do is consider the party's request to admit additional evidence and not summarily reject it" (internal quotation marks omitted)). Furthermore, the record does not

---

[3] To the extent that the Moynihans allege that the District Court failed to consider the full administrative record in ruling on the School District's "Motion for Judgment on the Administrative Record," their claim is belied by the District Court's thorough decision, which documented those portions of the record that supported its decision. *See Moynihan*, 2021 WL 3022395, at *3 n.6; *id.* at *4 n.9; *id.* at *5 n.15; *id.* at *6 n.22; *id.* at *7.

support the Moynihans' conclusory assertion that the District Court failed to apply the preponderance of the evidence standard. In fact, the District Court accurately described and applied the modified de novo standard that applies to its review of the underlying administrative proceedings. *See L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 & n.4 (3d Cir. 2006).

For the foregoing reasons, we will affirm the judgment of the District Court. [4]

---

[4] The Moynihans' motion for leave to file a supplemental reply brief is granted.